**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
                                                                 :
BROADWAY/72ND ASSOCIATES II, LLC,                                :
                                                                 :
                Plaintiff,                         :
                                                                 :
   - against -                                               :   **COMPLAINT**
                                                                 :
                                                                 :
BLOOMINGDALES, INC. AND MACY'S, INC.,                            :
                                                                 :
                Defendants.                        :
                                                                 :
---------------------------------------------------------------- X

      Plaintiff, Broadway/72nd Associates II, LLC., by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for its complaint against defendants, Bloomingdale's, Inc. and Macy's Inc., alleges as follows:

## JURISDICTION

      1.    This Court has jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship of the parties. Upon information and belief, defendant Bloomingdale's, Inc. is an Ohio corporation with its principal place of business in Ohio, and Macy's Inc. is a Delaware corporation with its principal place of business in Ohio. Plaintiff Broadway/72nd Associates II, LLC is a New York limited liability company with its principal place of business in New York. None of plaintiff's members, including downstream members, is a citizen of either Ohio or Delaware. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

      2.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the claims arise from events occurring in the Southern District of New York, and the parties have consented to such venue in Lease and Guarantee agreements which are referred to and defined below.

## THE PARTIES

3. Plaintiff Broadway/72nd Associates II, LLC ("Broadway/72nd") is a New York limited liability company, with its principal place of business at 277 Park Avenue, New York, New York 10172.

4. Upon information and belief, Defendant Bloomingdale's, Inc. ("Bloomingdale's") is an Ohio corporation, with its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202.

5. Upon information and belief, Defendant Macy's, Inc. ("Macy's") is a Delaware corporation, with its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202.

## BACKGROUND

**The Lease Agreement**

6. Broadway/72nd, as Landlord, and Bloomingdale's, as Tenant, are parties to a commercial lease agreement, dated March 3, 2015 (the "Lease"), pursuant to which Bloomingdale's leased from Broadway/72nd certain premises in a building located at 2085 Broadway, New York, New York (the "Premises").

7. Pursuant to the terms of the Lease, Bloomingdale's is required to pay Broadway/72nd monthly payments of fixed annual rent on or before the first day of each month, in amounts specified in the Lease.

8. Specifically, Article 2(B) of the Lease provides, in relevant part, that: "[t]roughout the term of this lease, Tenant shall pay to Landlord, without notice, credit, set off, deduction, counterclaim or reduction . . . monthly payments of fixed annual rent" at rates provided for in Article 2 of the Lease ("Monthly Fixed Rent").

9. Article 2 of the Lease provides that in addition to Monthly Fixed Rent, Bloomingdale's shall pay percentage rent, real estate tax escalations, and common charge escalations, as those terms are described and defined in the Lease, (collectively "Additional Rent"), in the manner set forth in the Lease.

10. Article 21(A) of the Lease provides that Bloomingdale's obligation to pay Monthly Fixed Rent or Additional Rent is not affected, impaired or excused by specified force majeure events which include, among other things: (1) governmental pre-emption in connection with a national emergency, (2) any closure of the Premises by Broadway/72nd or by others reasonably intended to assure the health or safety of any person in response to a national, state or municipal emergency (whether or not officially proclaimed by any governmental authority), or (3) any other cause beyond Broadway/72nd's control.

11. Article 21(A) likewise provides that Bloomingdale's monetary obligations under the Lease will not be excused by any other events beyond Bloomingdale's reasonable control.

12. Article 21(A) further provides that Bloomingdale's shall not claim force majeure events specified in the Lease, or other events beyond Bloomingdale's control, as a defense to any demand of Broadway/72nd, or action initiated by it, resulting from Bloomingdale's failure to comply with any of its monetary obligations.

13. Specifically, Article 21A of the Lease states, in relevant part:

if Tenant shall be unable to fulfill any of its obligations under this lease due to Force Majeure Events as set forth in subparagraphs (i)-(vii) above or other events beyond Tenant's reasonable control, Tenant shall not be liable to Landlord under this lease as a result thereof provided, however, **Tenant shall under no circumstances fail or refuse to pay any installments of fixed annual rent or any additional rent (including, but not limited to, Percentage Rent)** or claim it is prevented or precluded from paying any installments of fixed annual rent or additional rent (including, but not limited to, Percentage Rent) due hereunder as a result thereof, nor claim such events as a defense to any demand of Landlord or action instigated

by Landlord resulting from Tenant's failure to comply with any of its monetary obligations hereunder (emphasis added).

14. Further, Bloomingdale's is obligated to pay Broadway/72nd liquidated damages for failure to pay all or any portion of the Monthly Fixed Rent or Additional Rent. Specifically, Article 42 of the Lease states, in relevant part:

> if Tenant shall fail to pay all or any part of any installment of fixed annual rent, additional rent or any other charge due hereunder for more than five (5) days after the same shall have become due and payable, **Tenant shall pay liquidated damages upon demand to Landlord equal to four ($.04) cents for each dollar of the amount that shall not have been paid to Landlord within such five (5) days after becoming due and payable**. The amount not paid and for which such liquidated damages are being imposed shall be increased each month by all unpaid sums due under the first sentence of this Article 42 not paid within twenty (20) days after first accruing and the entire amount thereof (i.e., the original unpaid amount, the liquidated damages with respect thereto and all additional accrued and unpaid liquidated damages not timely paid), shall be subject to the charge under this Article 42 (emphasis added).

15. Bloomingdale's is also obligated to pay Broadway/72nd's attorneys' fees, costs and other expenses in connection with any good-faith action brought by Broadway/72nd regarding Bloomingdale's default of its obligations under the Lease, including monetary obligations, regardless of whether Broadway/72nd is the prevailing party.

16. Article 6(D) of the Lease states, in relevant part:

> IF LANDLORD SHALL, IN GOOD FAITH, CLAIM THAT TENANT SHALL BE IN DEFAULT IN THE PERFORMANCE OF ANY MONETARY OR NON-MONETARY OBLIGATION UNDER THIS LEASE AND LANDLORD SHALL (I) INSTITUTE ANY ACTION, SUMMARY PROCEEDING OR ARBITRATION . . . THEN TENANT SHALL REIMBURSE LANDLORD (WHETHER OR NOT THE PREVAILING PARTY) FOR LEGAL FEES AND OTHER EXPENSES THEREBY INCURRED BY LANDLORD.

**The Guarantee Agreements**

17. In connection with Bloomingdale's execution of the Lease, and as an inducement for Broadway/72nd to enter into the Lease, Macy's, as Guarantor, executed two guarantees to Broadway/72nd, dated March 3, 2015.

18. One guarantee relates to Bloomingdale's monetary obligations under the Lease through the date Bloomingdale's vacates and surrenders the Premises (the "Guarantee").

19. The other guarantee covers Bloomingdale's monetary obligations under the Lease but is limited to $6,562,500 (the "Limited Guarantee" and, together with the Guarantee, the "Guarantees").

20. Section 5.13 of both the Guarantee and the Limited Guarantee provide that each of the Guarantees is independent of the other, but if facts or circumstances would enable Broadway/72nd to proceed under either of the Guarantees, then it should look first to the Guarantee, rather than the Limited Guarantee.

21. Specifically, Section 5.13 of the Guarantee states, in relevant part:

[i]n the event of any facts or circumstances which would cause or enable Landlord to look to guarantor both under this Guarantee and the Other Guarantee, Landlord shall first look to Guarantor under this Guarantee (if such facts and circumstances enable Landlord, pursuant to the terms hereof, to do so) before looking to Guarantor under the Other Guaranty.

22. Under the terms of the Guarantee, Macy's irrevocably, absolutely, and unconditionally guaranteed to Broadway/72nd, in Section 3.1 of the Guarantee, the full and timely payment when due of all Monthly Fixed Rent and Additional Rent and other payments due to Broadway/72nd under the Lease which accrue prior to the date Bloomingdale's vacates and surrenders the Premises.

23. Section 3.1(b) of the Guarantee explains that "Tenant shall be deemed to have vacated the Demised Premises on the date on which both (i) the Tenant has ceased conducting business in the Demised Premises and (ii) Tenant has notified Landlord in writing that Tenant has irrevocably and unconditionally vacated the Demised Premises."

24. Broadway/72nd may enforce its rights and remedies under the Guarantee without first initiating, pursuing or exhausting any remedies under the Lease against Bloomingdale's and without having to first apply any security deposit under the Lease as set forth in Section 3.1 (d) of the Guarantee.

25. An additional provision of the Guarantee at Section 5.2 provides that Macy's shall pay Broadway/72nd's costs and expenses, including reasonable attorneys' fees and disbursements, incurred by Broadway/72nd "in enforcing or attempting to enforce (i) any rights or remedies under the Lease or (ii) under the Guarantee following any default on the part of the Guarantor hereunder, whether the same shall be enforced by suit or otherwise."

**Bloomingdale's Fails to Pay Rent In Accordance With The Lease**

26. In 2015, Bloomingdales took possession of the Premises under the terms of the Lease and continues to occupy them.

27. In breach of Bloomingdale's obligations under the Lease, Bloomingdale's failed to pay Broadway/72nd the Monthly Fixed Rent and Additional Rent as follows:

(i) April 2020 Monthly Fixed Rent in the amount of $437,500.00;

(ii) April 2020 Common Charges in the amount of $8,836.88;

(iii) May 2020 Monthly Fixed Rent in the amount of $437,500.00;

(iv) May 2020 Common Charges in the amount of $8,836.88;

(v) June 2020 Monthly Fixed Rent in the amount of $437,500.00; and

(vi) June 2020 Common Charges in the amount of $8,836.88.

28.     Accordingly, the total amount currently due through June 2020 is $1,339,010.64.

29.     Bloomingdale's has failed and refused to pay Broadway/72nd any of the amounts owed.

30.     Broadway/72nd has performed all terms and conditions required of it to be performed under the Lease.

**Macy's Fails To Pay In Accordance With The Guarantee Despite Demand**

31.     Bloomingdale's has failed to pay its rent obligations under the Lease, as described above, thereby entitling Broadway/72nd to proceed against Macy's on the Guarantee.

32.     Despite demand by Broadway/72nd, Macy's has failed and refused to pay the amounts due from Bloomingdale's.

33.     Macy's refusal to pay Broadway/72nd constitutes a breach of the Guarantee.

34.     Broadway/72nd has performed all terms and conditions required of it to be performed under the Guarantee.

**Attorneys' Fees and Expenses**

35.     Broadway/72nd commenced this action against Bloomingdale's due to Bloomingdale's default in the performance of monetary obligations under the Lease; specifically, Bloomingdale's default in the payment of Monthly Fixed Rent and Additional Rent under the Lease.

36.     Broadway/72nd commenced this action against Macy's due to its default under the Guarantee; specifically, Macy's default in payment to Broadway/72nd of Bloomingdale's outstanding Monthly Fixed Rent and Additional Rent due under the Lease following demand to Macy's.

37. Broadway/72nd has incurred, and will continue to incur, attorneys' fees and expenses as a result of Bloomingdale's and Macy's defaults under the Lease and Guarantee, for which Bloomingdale's and Macy's are liable under the terms of the Lease and the Guarantee.

## FIRST CLAIM
### (Breach of Lease)

38. Broadway/72nd repeats the allegations of paragraphs 1-37 of this Complaint.

39. Bloomingdale's has breached the Lease.

40. As a result of Bloomingdale's breach, Broadway/72nd has been damaged in an amount to be determined at trial, but not less than $1,339,010.64, plus interest.

41. In addition to outstanding amounts of Monthly Fixed Rent and Additional Rent due, Broadway/72nd demands and is entitled to liquidated damages as set forth in Article 42 of the Lease.

42. Broadway/72nd reserves the right to seek and obtain a money judgment against Bloomingdale's for all unpaid Monthly Fixed Rent and Additional Rent (and any liquidated damages, interest, or attorneys' fees and expenses) due and owing to Broadway/72nd by Bloomingdale's through and including the date Broadway/72nd obtains judgment against Bloomingdale's.

## SECOND CLAIM
### (Breach of Guarantee)

43. Broadway/72nd repeats the allegations of paragraphs 1-42 of this Complaint.

44. Macy's has breached the Guarantee.

45. As a result of Macy's breach, Broadway/72nd has been damaged in an amount to be determined at trial, but not less than $1,339,010.64, plus interest.

46. Broadway/72nd reserves the right to seek and obtain a money judgment against Macy's for all unpaid Monthly Fixed Rent and Additional Rent (and any liquidated damages, interest, or attorneys' fees and expenses) due and owing to Broadway/72nd by Bloomingdale's through and including the date Broadway/72nd obtains judgment against Macy's.

**WHEREFORE**, Broadway/72nd demands judgment as follows:

(a) On its first claim, damages in an amount to be determined at trial, but in no event less than $1,339,010.64, plus interest;

(b) On its second claim, damages in an amount to be determined at trial, but in no event less than $1,339,010.64, plus interest;

(c) The costs and disbursements of this action, including, without limitation, attorneys' fees;

(d) Liquidated damages; and

(e) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 8, 2020

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

By: _____
Dean G. Yuzek
Cory L. Weiss
Jennifer B. Zourigui
Attorneys for Plaintiff
*Broadway/72nd Associates II, LLC*
150 East 42nd Street, 19th Floor
New York, New York 10017
(212) 907-9600
dyuzek@ingramllp.com
cweiss@ingramllp.com
jzourigui@ingramllp.com